· (25 Misc. Rep. 468.)

## In re FAY'S ESTATE.

(Surrogate's Court, New York County.   December, 1898.)

TRANSFER TAX—PROPERTY SUBJECT.
> Where a member of the New York Produce Exchange subscribed to its gratuity fund, the amount thereof on his death payable to the beneficiaries entitled thereto under the by-laws of the exchange, and not liable to his creditors or legatees, it is not property transferred by will, within the statutes making such property liable for a transfer tax.

Appeal from report of appraiser.

In the matter of the estate of John E. Fay, deceased, an order was made, on report of the appraiser, excluding a gratuity fund from the amount liable to transfer tax, and the district attorney appeals.   Affirmed.

I. B. Ripinsky, for appellant.
William C. Davis, for respondent.

ARNOLD, S.   Testator was a member of the New York Produce Exchange, and had been a subscriber of the gratuity fund of that body. The sum realized from this fund upon his death was excluded by the appraiser in ascertaining the value of the property transferred by the will of decedent liable to transfer tax.   From the order entered upon his report, the district attorney appealed.

The amount received from the gratuity fund was not assets of the estate, for it belonged to the beneficiaries entitled thereto by virtue of the by-laws of the Produce Exchange relating to the manner of its distribution.   It was not liable to the payment of creditors or legatees. It passed, not by virtue of the will of decedent, or of any administration of his estate, but by the contract of the deceased with the exchange.   The distinction between two classes of policies—those payable to the insured or his personal representatives, and those payable to a specific beneficiary—is clearly recognized by the decisions.   In the first class the contract is made for the benefit of the insured, and the proceeds pass to his personal representatives as part of his estate, and are liable for the payment of his debts and legacies; while in the latter case the contract is made for the benefit of others, and the proceeds are transferred to them by the terms of the contract, and not by virtue of the statute of distributions or the provisions of the will of the insured.   In re Van Dermoor's Estate, 42 Hun, 326; Van Dermoor v. Van Dermoor, 80 Hun, 110, 30 N. Y. Supp. 19; In re Knoedler, 68 Hun, 150, 22 N. Y. Supp. 608, affirmed 140 N. Y. 377, 35 N. E. 601. The court of appeals, in Re Sherman's Estate, 153 N. Y. 1–4, 46 N. E. 1032, denominated the tax as being "upon the right of transfer by will." The decedent possessed no such right over the property in question, and, had he died intestate, the property would not have been distributed under the statute regulating intestate succession.   The only power he had in relation thereto consisted in his ability to defeat its payment by permitting it to lapse on account of nonpayment of subscriptions. The order appealed from is affirmed.

Order affirmed.