Proceedings for appraisal of the estate of Peter J. Elting, under the acts in relation to the taxable transfers of property. From an order confirming the report of an appraiser fixing and assessing the transfer tax, the executors appeal. Reversed in part and affirmed in part.

R. E. & A. J. Prime, of New York City, for executors and appellants.

John J. Sinnott, of North Tarrytown, for State Comptroller and respondent.

MILLARD, S. The report of the appraiser was filed in the office of the surrogate on the 1st of June, 1912, and pro forma order confirming the same and fixing the transfer tax therein was entered June 4, 1912. From that order an appeal has been taken, and two questions are involved: (1) As to whether or not the proceeds of a life insurance policy issued by the Massachusetts Mutual Life Insurance Company, upon the life of the testator, aggregating $3,899.81, are to be included as a part of the assets of the estate of the testator, passing under the will, and therefore taxable. It is claimed by the appellants that the proceeds of this policy form no part of the assets of the estate and are the absolute property of the surviving wife and children of the assured, for whose express benefit the policy was made payable to his executors, administrators, or assigns, and the opposite of this is claimed by the respondent. (2) As to the refusal of the appraiser to deduct from the testator's estate $500 claimed as the necessary expenses of converting into cash the real estate of the testator which it is contended was equitably converted by the will, and again the opposite of this is claimed by the attorney for the comptroller.

The deceased died on the 10th of August, 1911, a resident of the county of Westchester and state of New York, leaving a last will and testament which was duly proven and under which letters testamentary have been issued to the appellants, the executrices named therein, and leaving him surviving his widow, Carrie D. Elting, and two daughters, Elizabeth F. L. Elting and Helen Stickney Elting.

By the briefs it appears that a policy for $3,000 issued by the Massachusetts Mutual Life Insurance Company upon the life of the deceased and payable to the executors, administrators, or assigns, for the express benefit of his wife, Carrie D. Elting, and surviving children, the amount of which policy, together with certain dividends and accruments thereon at the time of the decedent's death amounted to the sum of $3,899.81, has been collected by and paid to the executrices.

[1] The law at the time of decedent's death was to the effect that the proceeds of insurance policies upon a decedent's life payable to his legal representatives or estate were taxable. In the case at bar we have a policy by its terms payable to the executors, administrators, or assigns, but with a provision further that it is "for the express benefit of his wife, Carrie D. Elting, and surviving children." It seems to me that the language of the policy simply designates the executors, administrators, or assigns as some one to whom the payment can be made; but it is clearly not for them to say what shall be done with it, but they are the medium only to pass the money to the widow and children, who are alone entitled to its proceeds. Suppose we look for what to me would be a fair test and must be decisive of the question involved, and ask, "Suppose this estate was insolvent, could the proceeds of this policy be taken and used for the payment of debts of the estate?" If it could, then I have no doubt that it is taxable; but to my mind the opposite is perfectly clear, and, even if creditors were clamoring for their just due from the executrices in this case, it would be impossible for them to obtain $1 from this policy, payable as it is,

"for the sole benefit of the widow and children," and to my mind, for all practical purposes, the same as if no other designation was made in it than that portion of the clause in the policy, "his wife, Carrie D. Elting, and surviving children." This policy, to my mind, is merely a contract between the decedent and the company for the benefit of his wife and children, and no one else is or can be interested therein, and the same does not pass by reason of the provisions of this will, but by reason of the clause in the policy itself, and I therefore reverse the ruling of the appraiser holding that the proceeds of this policy are taxable, and an order should be made exempting the same from taxation for collateral inheritance and transfer tax purposes.

[2] As to the other question, I cannot agree with the appellants, because a careful reading of the will fails to convince me that there is such an equitable conversion as would justify the allowance of $500 asked for.

"To establish an equitable conversion of real estate into personalty by will, the will must direct the sale and the distribution of the proceeds as personal property absolutely for all purposes, irrespective of contingencies, and independently of any discretion as to whether there shall be a sale or not." Trowbridge v. Metcalf, 5 App. Div. 318, 39 N. Y. Supp. 241.

At the most, the power of the executrices in this case is discretionary and I do not think an equitable conversion has been made out. I, therefore, as to the second ground of appeal, affirm the decision of the appraiser in holding that $500 should not be deducted from the amount of the estate because of expenses which will be incurred in selling the same.

Order in accordance with the above memorandum will be signed.

Decreed accordingly.