[Nos. 3630, 3631.].

THE PEOPLE OF THE STATE OF COLORADO v. THE ESTATE OF WILLIAM J. PALMER, DECEASED.

1. INHERITANCE TAX—*Nature of.* The inheritance tax is not a tax upon property, but upon the right to succeed to property; it is not a debt of a decedent nor a charge upon his estate. It accrues, and is payable, immediately after the death of the ancestor or testator, and his estate must be appraised at, or as of, that time. The tax accrues at the decease, though payment may not be exacted until it is determined what has passed under the will or by descent.

Though, by statute, for convenience and certainty of collection, the personal representative is required to discharge the tax, it is in fact paid by the heir or devisee, and not by the estate.

The heir or devisee may discharge it from his own funds.

2. —— *Deductions—Statute Construed.* Under the statute (Acts 1902, c. 3, secs. 21, 23, 24, Rev. Stat., secs. 5551, 5553, 5554) neither moneys expended by the executor for the upkeep of the home of the decedent, nor moneys expended to discharge an inheritance tax imposed by the laws of another state upon personalty located there, are to be deducted before computation of the tax.

*Appeal from El Paso District Court.* HON. W. S. MOR-RIS, Judge.

Hon. John T. Barnett, Attorney General, Mr. James Grafton Rogers, Assistant, Hon. Fred Farrar, Attorney General, Mr. Leslie E. Hubbard, Assistant, for appellants.

Messrs. Henry C. Hall, J. L. Bennett, James Owen, for appellee.

Morgan, Judge.

The lower court, on appeal from the county court, allowed a deduction, before the inheritance tax should be computed, of $25,000, expended by the executors during the administration for the "upkeep" of the home of the decedent, devised by the will, and also, $33,000, expended in the payment of a "transfer tax" demanded by the states of New York and New Jersey, on personal property located in those states, bequeathed by the will. Neither of these deductions should be made before computing the tax, because the property passed, as provided by statute, at the time of the death, and before the expenses were incurred, and such expenses were obligations of the legatees and devisees, and not of the decedent or of the estate and not necessary expenses of administration. The $25,000 item is so clearly a charge against the devisees expended to preserve the property devised to them and which, as provided by the statute, vested in them, and to be appraised as of the time of the death, that reference to it is not necessary except as it may be involved in the discussion of the other item.

The following predesignate postulates, found in the authorities and statutes cited thereafter, will assist a logical demonstration and solution of the proposition involved:

(a)   Our statute of 1902, in force at the time of the death, contains the following material provisions:

"All property, real, personal and mixed, which shall

pass by will or by the intestate laws of this state from any person who may die seized or possessed of the same while a resident of this state * * * shall be and is, subject to a tax at the rate hereinafter specified to be paid to the treasurer of the proper county for the use of the state, and all heirs, legatees and devisees, administrators, executors and trustees shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed.''

''All taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent.''

''Any administrator, executor or trustee having any charge or trust in legacies or property for distribution subject to the said tax shall deduct the tax therefrom, or if the legacy or property be not money he shall collect a tax thereon upon the appraised value thereof from the legatee or person entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon.''

''In order to fix the value of property of persons whose estate shall be subject to the payment of said tax, the county judge shall appoint some competent person as appraiser, to appraise the same at a fair market value.''

The material part of statutes of the several states are the same, in effect, as ours; and, although the New York and New Jersey statutes designate the tax as a ''transfer tax,'' they also say that ''transfer,'' as used, shall be taken to include the passing of property by descent, devise, bequest,'' etc., thus making those statutes the same as ours.

(b)   An inheritance tax is not a tax upon property, but on the right to succeed to the property.

(c)   It is a tax which the person who inherits is

liable to pay and is not a debt or charge against the decedent or the estate.

(d)    The usual provisions of such statutes (that the executor or administrator must collect and pay the tax) is no proof or indication that the estate of the deceased is in any way liable for the tax, but enacted to insure the payment of it.

(e)    Such tax is payable upon personal property in any state where the personal property is located at the time of the death of the decedent, if the statute of such state so provides, and a tax may be collected there, as well as in the state where the deceased died, and where the heir resides.

·(f)    The tax cannot accrue until the death of the decedent, but does accrue, and is payable, immediately after the death, at which time it must be appraised for such purpose; and the accruing of the tax is not postponed until the estate is settled, although payment may not be exacted until it is determined what has passed under the will or the law. Several of the states have provided by statute that bond may be given for the payment thereof in case it is not paid immediately after the death of deceased. Our statute provides for such a bond, although it specifically says, "it shall be due and payable at the death of decedent."

(g)    Our statute also provides that our state may collect the tax on personal property located in this state although the decedent may have lived and died in another state where a similar tax existed, exactly the same as the New York and New Jersey laws provide, and which are involved in this particular instance.

(h)    Some statutes provide that such tax against a non-resident is to be collected only in case the statutes of the state where the non-resident lives has the same provision, thus recognizing a kind of reciprocity.

(i)  A tax cannot be said to *reduce* the *value* of any property; an inheritance tax, not being a tax upon the property but a tax upon the right to take it, cannot be said to *reduce* the *value* of the *property* that *passes.*

(j)  The entire property that passes at all passes immediately upon the death, and as the *heir* must pay the tax, and not the *estate,* the heir receives the entire property, and may pay the tax out of his or her personal funds, but, for convenience and certainty of collection, it is provided that it must be paid by the executor or administrator.—*In re Inheritance Tax on Macky's Estate,* 46 Colo., 79, 102 Pac., 1075; *Brown v. Elder,* 32 Colo., 527, 77 Pac., 853; *People v. Griffith,* 245 Ill., 532, 92 N. E., 313; *In re Gihon,* 169 N. Y., 443, 62 N. E., 561; *Hooper v. Shaw,* 176 Mass., 190, 57 N. E., 361; *In re Hite's Estate,* 159 Cal., 392, 113 Pac., 1072, 32 L. R. A. (N. S.), 1167, Ann. Cas. 1912C, 1014; *In re Elting,* 78 Misc. Rep., 692, 140 N. Y. Supp., 238; *People v. Union Trust Co.,* 255 Ill., 168, 99 N. E., 377, Ann. Cas. 1913D, 514; Sess. Laws Colo., 1902, pp. 49-57; 3 Rev. St. N. Y., Banks & Bros. (9th ed.), pp. 2854-2867; 4 Comp. St. N. J. 1909-10, pp. 5301-5311; Supp. to Pub. St. Mass., pp. 513-516; 30 U. S. St. at Large (June 13, 1898), c. 448, pp. 464-466; Ill. Act 1895 (Acts 1895, p. 301; Hurd's St. 1899, c. 120).

With these premises in view it must be concluded that when the New York and New Jersey securities were sent to the executors they had the *same value* when they reached them that they had in the state from which they were sent, and would have to be so appraised; and if the value was in any way decreased it was by the act of the heir in the payment of the tax charged against the heir, by those states, and not by any act of the decedent or the estate, because neither the decedent nor the estate owed those states anything, and the payment, by the executors, of the tax due those states by their heir, was the payment of a debt or charge against the heir, the

same as the payment of the inheritance tax of this state. Everything bequeathed or devised passes to the heir, and nothing is deducted from that which passes, or ought to be deducted; not even the debts of the decedent, or expenses of administration, are deducted from that which passes, but in contemplation of the law, before the passing takes place, as nothing can pass until the debts are paid, including the debts of the estate such as expenses of administration. The statute says that the tax is to be paid on the value of everything that *passes by the will* or the law, and not on what the heir actually *receives,* although it makes no difference, because the heir *actually* receives, everything that is bequeathed or devised; nothing can be devised or bequeathed except what is left after the obligations of the decedent and expenses of administration are paid.

When the property was sent from New York and New Jersey to Colorado, there was nothing deducted by the New York or New Jersey authorities. The law provides that the tax must be *paid,* not *deducted,* from the property; and in this particular case the $33,000 was not deducted from the property; it was sent *in toto,* and was received by the executor, just as other personal property would have been received, with the tax paid, of course, by the executor for the legatee, but unmolested, and intact, so far as the value was concerned, and was so passed, the legatees thus receiving the bequest in its entirety. If the legatees are subject to the tax, they must pay it, but such payment does not reduce the value, and if it should, such reduction is in no way chargeable to the estate, as it was charged by those states to the legatees. Some legatees or beneficiaries under a will, as in the Mackay estate, *supra,* are not subject to the tax, and in such case the property passes in the same way, but the beneficiary does not have to pay anything for the right to receive it. If the tax was payable by the estate, as expense of admin-

istration, the Mackay decision would have been the other way, and the tax would have been paid to the state. The only theory upon which payment of the inheritance tax on the $33,000 or the $25,000, may be avoided is that such payment is a *necessary* and *compulsory expense* of the executor or of the estate, *aside* from the provision of the law that he shall *collect* it. The fact that the statute makes no provision whatever even for expenses of administration indicates very clearly what the legislature intended, and that is, that the heir should pay the tax on the inheritance, that passed, on the death of the testator; however, all of the courts require that the expense of the administration must be paid, the same as debts of the decedent, before computing the tax, that is, in contemplation of law, before the tax attaches. Justice Holmes, in the Massachusetts case, *supra,* went a little farther in behalf of the heir, and allowed a deduction of a similar tax paid to the United States, and based his conclusion upon the view that "the value is to be taken" upon the property "which the legatee actually would get were it not for the State tax imposed," meaning the Massachusetts inheritance tax. Our law, however, specifically provides that the tax "shall be due and payable at the death of the decedent," a provision not contained in the law of Massachusetts or of the United States. Conceding that the courts have acted wisely in allowing the expenses, in proving the will, administering the estate and perfecting the inheritance, it is to be noted that the courts have been very careful not to *extend* such deductions beyond the ordinary, actual and necessary expenses of the administration, and such other provisions as the law may require, upon the ground that such deductions "do not pass within the meaning of the law."—*In re Hite's Estate, supra.* It seems that the absolute physical possession of these securities was not necessary on the part of the executors, but was only necessary on the part

of the legatees, and an expense which *they* should pay and *not* the *estate*.

It seems that the administration, including appraisement, collection of this tax, and absolute distribution could have been effected without removing the property from New York or New Jersey; the tax of those states could have been paid by the legatees when they assumed ownership of the property there, proving such ownership by an order of the court administering the estate.

It is concluded that the payment of the inheritance tax of New York and New Jersey is upon the same footing as the payment of the inheritance tax of this state and merely increases the tax the legatees have to pay for the privilege of succeeding to the property that passes under the law to them. So long as other states, as well as this, require an inheritance tax to be paid upon personal property located therein, while the decedent and the beneficiary reside in a different state and must pay the same kind of a tax there, and the courts continue to uphold such species of double taxation, then, just so long will it be the duty of the courts to hold that the payment in one state is on the same basis as the payment in another, and if the tax be not deducted in the state where the principal administration is made before appraisement and computation, then, the same kind of a tax paid in another state can not be deducted. The wisdom of such legislation is with the law-making power and not with the courts.

The judgment is reversed.