JENNIE M. FAGAN, PROSECUTRIX, v. NEWTON A. K. BUG-
BEE, COMPTROLLER, ETC., DEFENDANT.

Submitted October 13, 1928—Decided December 6, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutrix, *Hood, Lafferty & Campbell.*

For the defendant, *Edward L. Katzenbach,* attorney-gen-
eral of New Jersey.

The opinion of the court was delivered by

BLACK, J.   The *certiorari* in this case brings under review
the legality of a transfer inheritance tax assessed by the
comptroller of the state of $133.27 against the estate of
Joseph P. Fagan, deceased.

The prosecutrix contends that the assessment erroneously
includes a tax upon the transfer of proceeds of insurance
policies included in an agreement of trust.   The sole question
to be determined is whether the transfer of property, formerly
consisting of proceeds of life insurance, by a trust agreement
dated March 16th, 1927, intended to take effect at or after
the death of the donor, constitutes a taxable transfer within
the meaning of the Transfer Inheritance Tax act.   *Pamph.
L.* 1909, *p.* 325, *ch.* 228, as amended by *Pamph. L.* 1926, *p.*
488, *ch.* 294.

That statute, so far as it is pertinent to this inquiry, is as
follows:

1. A tax shall be and is hereby imposed upon the transfer
of any property, real or personal, of the value of five hundred

dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, except as hereinafter provided, in the following cases:

*Third.* "When the transfer is of property made by a resident * * * by deed, grant, bargain, sale or gift, * * * intended to take effect in possession or enjoyment at or after such death."

The question is one of importance to the state, involving as it does the right of the state to tax the transfer of insurance money passing under trust agreements of this kind. The precise point involved has not been passed upon by our courts. The case is presented to the court under a stipulation, of which the following are the pertinent or essential facts.

Joseph P. Fagan obtained from the Mutual Benefit Life Insurance Company four policies of insurance upon his life, each payable in the sum of $5,000 in the event of his death to his wife, Jennie M. Fagan; one being dated January 4th, 1912, one being dated February 17th, 1920, and two being dated January 12th, 1927, respectively. These policies contained the usual provision reserving the right to change the beneficiary, and said Joseph P. Fagan, on March 16th, 1927, caused all of these policies to be made payable, in the event of his death, "to the Ironbound Trust Company, of Newark, New Jersey, as trustee under a trust agreement dated March 16th, 1927." On this date Mr. Fagan entered into a trust agreement with the Ironbound Trust Company (since merged with the Fidelity Union Trust Company), whereby, upon his death, the Ironbound Trust Company, as trustee, agreed to collect the proceeds of the policies, to invest the same in the manner therein provided, and to pay the income from the fund so obtained to his wife, Jennie M. Fagan, for life, with discretionary power to make payments from the principal to her; and upon her death to expend the income from the fund for the benefit of his named children until they attained the age of twenty-five years, and then to divide the principal among them. The agreement provided in detail for the management of the trust fund during the continuance of the trust. Mr. Fagan, the donor, reserved the right to change

the beneficiaries, to receive the dividends accruing upon the policies, and to revoke or amend the agreement, and he agreed to pay the premiums during the continuance of the trust.

Mr. Fagan died on April 2d, 1927, leaving a will in which he devised and bequeathed all his property to his wife. The will further directed that if he should survive his wife, then his property should be divided among his surviving children and their issue, *per stirpes*.

The amount due upon the insurance policies was duly paid to the Ironbound Trust Company, as trustee under the above-mentioned agreement. On July 25th, 1927, the comptroller of the treasury assessed a transfer tax of $133.27 upon the entire estate of Mr. Fagan, and included therein the proceeds of the insurance policies. The assessment was levied upon the assumption that the transfer was intended to take effect in beneficial possession or enjoyment at or after the death of the donor. It was not based on the theory of a transfer made in contemplation of death. *Record, p. 37, ¶ 7.*

The points urged by the prosecutrix for setting aside the tax are—first, life insurance payable to named beneficiaries is not subject to a transfer tax under the statute. *Pamph. L. 1922, p. 293,* as amended *Pamph. L. 1927, p. 428;* citing 47 *A. L. R.* 525; *Tyler* v. *Treasurer, &c., General,* 226 *Mass.* 306. This may be conceded. Second, it is immaterial that the named beneficiary is a trustee. Not so. This is the crux of the case. Third, the trust agreement is not testamentary in character.

The argument of the prosecutrix for setting aside the tax is met by that of the attorney-general in the brief, which is complete and unanswerable. The argument in support of the tax is, the prosecutrix, as a reason for setting the assessment aside, alleges that Joseph P. Fagan, the decedent, and the Ironbound Trust Company, the trustee, had "a vested contractual right in the proceeds of the above-mentioned policies of insurance."

In the first place, the tax is imposed not upon the transfer from the decedent to his trustee, but to his ultimate beneficiary. *Carter* v. *Bugbee,* 91 *N. J. L.* 438; *affirmed,* 92 *Id.*

390, 392. The only interest which the Ironbound Trust Company had in the policies of insurance was as a trustee. This company acquired the bare legal title. The beneficial title is in the decedent's widow and his three children. It is the transfers to them, which have been made the subject of a tax in the present case.

It is important, before proceeding further, to set at rest any claim that the state has impaired the obligations of the contracts of insurance between the company and the decedent or his trustee. The state has laid no tax whatsoever upon the transfer of the proceeds of the policies, from the insurance company to the Ironbound Trust Company, as trustee. The trust company is not complaining of the assessment. The comptroller has not in fact resorted to any of the contracts of insurance for the purpose of levying the tax. There could be no transfer from the insurance company to the trustee, such as would come within the provisions of the statute, as under no circumstances could the trust company acquire benefits from such a transfer. It is the trust agreement and not the contracts of insurance that we must look to, in order to determine in what proportions and to whom the beneficial interests in this property pass. And it is this instrument under which the taxes were levied and not the contract of insurance. The proceeds of these policies were acquired by the trust company, as trustee, without any imposition of a tax on the transfer thereof. Under these circumstances how can it be urged that the tax in any way has impaired the vested rights of the parties to the insurance contract?

Admittedly, if the proceeds of insurance pass to a beneficiary specifically designated in the policy and the beneficiary takes exclusively under the terms thereof, the transfer is not taxable. *Tyler* v. *Treasurer,* 226 *Mass.* 306; *In re Parsons,* 117 *App. Div.* (*N. Y.*) 321.

Where, however, the insurance is payable under the terms of the policy to the estate of the insured, or to the insured's executor, administrator or legal representative, and then passes under his last will and testament or the intestate laws, the cases are equally clear that the transfer is taxable. *In re*

*Knoedler,* 140 *N. Y.* 377; *In re Reed,* 243 *N. Y.* 199; 26 *R. C. L.* 222; *Gleason & Otis Inh. Tax.* (*4th ed.*) 417.

Under the first class of cases, where the beneficiary is designated in the policy and takes under the terms thereof, the reason for the exemption is obvious. In such cases, the transfer is by contract. The conveyance, in order to be within the act, must be by "will," the "intestate laws" or by "deed, grant, bargain, sale or gift" made in contemplation of death or intended to take effect in possession or enjoyment, at or after death. The act does not include within the taxable class transfers by "contract" wherein adequate, valuable consideration is found.

Where, however, as in the second class of cases, the beneficiary acquires title not under a contract of insurance, but by "will" or the "intestate laws" the transfer is specifically within the terms of the act, and, since the decision of the New York Court of Appeals in *In re Knoedler, supra,* there has never been any question of the right of the state to levy a tax under such circumstances.

The beneficiaries in the present case take by deed of trust and not by contract of insurance. It is the nature of the vehicle, which conveys the right of the property and not the nature of the property itself, which determines the taxability of the transfer, hence, we conclude, the tax was properly levied.

The tax is therefore confirmed and the writ of *certiorari* is dismissed.