This is an appeal from the transfer inheritance tax assessed by the comptroller in respect of the estate of Wood Fosdick, a non-resident, who died April 6th, 1926. Eight years and more before his death he had executed and delivered four certain deeds of trust, together with the respective trust fund securities. These trust deeds each provided for the payment of the income to named beneficiaries during their respective lives, and at their death the corpus was to be paid to the donor, if living, or to his estate.
In assessing the tax under the so-called "ratio clause," as provided in section 12 of the Transfer Inheritance Tax act, the comptroller, in the computation of the decedent's New Jersey property, and of the decedent's total estate, included the full value (on the date of decedent's death) of the respective securities constituting the corpus of these trust funds. Appellants concede that the value of the remainder interests in these securities should have been so included by the comptroller, but insist that it was error not to exclude the value of *Page 46 
the respective life estates — all the beneficiaries for life under these trusts being still alive at decedent's death.
Respondents concede that this contention of appellants would be correct if decedent had, by these trust deeds, parted with all control over the securities in the trusts and given irrevocable life interests to the several beneficiaries.
All of the trust deeds, however, reserve to the donor the right of revocation. Two of them give the trustee no right to alter thecorpus of the trust; the other two give such right but provide that it shall not be exercised during the donor's life except on the donor's written consent. Respondents contend that by reason thereof no transfer of the absolute life interests actually took effect until the death of the donor (whereby his right of revocation was terminated); that the transfers are therefore taxable under the act as gifts intended to take effect in possession or enjoyment at the donor's death (since the donor naturally must be deemed to have intended that which is in fact the result or effect of the trust deeds). This is the only issue on this appeal.
The question is res nova in the courts of this state. The New York statute is similar to ours. In that state it has been held that the reservation by the donor of the right to revoke — in a trust deed giving an equitable life estate to a beneficiary other than the donor — does not, alone, render the life estate taxable under the statute. Matter of Masury, 28 App. Div. 580; affirmed,159 N.Y. 532; Matter of Bowers, 195 App. Div. 548; affirmed,231 N.Y. 613; Matter of Carnegie, 203 App. Div. 91; affirmed,236 N.Y. 517; Matter of Miller, 204 App. Div. 418; affirmed, 236 N.Y. 290.
In none of these cases is there any opinion by the New York court of appeals. (In the last named case an opinion was filed, but it deals only with a different point).
On the other hand the New York court of appeals, in Matter ofBostwick, 160 N.Y. 489, held that as to a similar trust deed, in which — besides the right to terminate the trust — the donor reserved the right to alter or amend the trust, to withdraw or exchange securities, and to control any sale *Page 47 
or disposition of securities by the trustee, the transfer was not an out and out present gift, and was taxable.
Again in Matter of Schmidlapp, 236 N.Y. 278, the same court held that a deed of trust which reserved, in addition to the right to revoke, the right to control and direct all investments, and the right to modify or alter the trust in any manner, was not an out and out present gift. A distinction is attempted to be made (at p. 284) between the cases where there is reserved only the right to revoke and the cases where additional rights to control the investments and modify the trusts, are reserved.
Such a distinction seems to this court untenable. The right to control investments are rights which might be had by the donor if he had made himself the trustee, without such a reservation giving him any beneficial interest in the trust fund. On the other hand the right to revoke is obviously all-inclusive; it comprehends all other rights which might have been specifically reserved, including the right to reclaim all or any part of the beneficial interest in the trust funds.
The reservation of a right to revoke — or the reservation of any other right by the exercise of which the donor may regain a beneficial interest in the trust fund — it would seem places such a deed of trust in the category of gifts intended to take effect in possession or enjoyment at or after the death of the donor. It is true that there is an actual transfer of the legal title to the trustee, and of some equitable interest to the equitable donee, at the time of the delivery of the trust deed. But that equitable interest of the donee is not an absolute interest. It is defeasible at any moment the donor decides to revoke. The situation is perhaps a little clearer — though the principle is, of course, the same — if we suppose the interest of the equitable donee to be a term for years instead of a life estate. The present value of an interest consisting of the absolute right to the income from a fund for fifty years would be susceptible of fairly easy calculation and ascertainment. But what value (other than the income already accrued) would there be to such an equitable term for years, if it was subject to termination at any moment? Looking *Page 48 
at it from the opposite standpoint, the interest of the donor in the trust fund, in view of this right to revoke, is not a mere equitable remainder after the equitable life estate — it is that, plus a right to repossess and own and enjoy, absolutely, the entire fund at any moment he chooses. The value of such a right is obviously practically the same as the value of the trust fund; and the value of the defeasible life estate is little or nothing, until the termination of the right to revoke, by and at the death of the donor. At that time, and not before, does the life tenant come into possession and enjoyment of the absolute right, which is the thing of real value.
That the donor had such intent, seems incontrovertible. He must needs be deemed to intend that which he has expressly provided in and by the terms of his trust deed. It is fallacious to argue that there is no evidence that the donor intended to exercise the power to revoke, or that his failure to exercise it before he died proves that he intended never to exercise it. He intended to have the power to revoke if he chose — otherwise he would not have had the clause in the deed. That circumstances did not in fact arise to lead him to decide to exercise the power does not in any wise prove that he would not have exercised it under any
circumstances — such, for instance, as the entire loss of his own remaining assets, or in the event of seriously displeasing conduct by the life tenant.
The assessment sub judice will be affirmed. *Page 49