A decree will be advised in accordance with this opinion.

In the matter of the estate of ROBERT GEMMELL, deceased.

FIDELITY UNION TRUST COMPANY, executor, &c., petitioner,

*v.*

JOHN MCCUTCHEON, comptroller, &c., respondent.

[Decided March 1st, 1938.]

*Messrs. Hood, Lafferty & Campbell,* for the appellant.

*Mr. William A. Moore,* assistant attorney-general, for the respondent.

### BUCHANAN, VICE-ORDINARY.

The executor of Robert Gemmell, a resident decedent, appeals from the transfer inheritance tax assessment against the estate, contending that the comptroller erred in his determination that there had been a taxable transfer in respect of two policies of insurance on the life of decedent, and in levying a tax thereon.

The two policies,—(they were in fact certificates under a group insurance policy),—were issued each for $5,000, payable at the death of decedent to his estate, with power to the insured at any time to name or change the beneficiary.

Six months before his death decedent executed proper documents directing the insurance company to name his wife as beneficiary under the policies. The change was duly effectuated; and the proceeds of the policies were paid to the wife after his death.

The tax in question, amounting to $100.74, was assessed and levied as in respect of a taxable transfer to the decedent's wife, of the $10,074.80 proceeds of the insurance policies. It seems clear that it must be affirmed.

The statute imposes a tax upon "the transfer of any property, real or personal * * * or *of any interest therein* * * * *in trust or otherwise* * * * made * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death."

The policies, as originally obtained by decedent, provided for payment of the proceeds to his own estate, at his death. The right to receive those proceeds was certainly an "interest in property." That right, prior to the change of beneficiary, was a part of the decedent's estate. If he had not effectuated the change of beneficiary (or made some other change), the proceeds would have been payable, and paid, to his executor or administrator, and would have passed under his will or the laws of intestate succession, and such transfers to such ultimate beneficiaries would have been taxable, (under subsection "First" of section 1 of the statute). *Fagan* v. *Bugbee, 105 N. J. Law 85, at p. 88, 143 Atl. Rep. 807*. (The authority of the *Fagan Case* for this principle is greater than judicial *dictum,* because the actual determination in that case was that where the proceeds of insurance policies were payable, and paid, to a trustee appointed by the insured, the subsequent transfers from the trustee to the beneficiaries under the deed of trust were taxable. The statute was subsequently amended,—see *Revision 1937, 54:34-4, b and c,*—so as to exempt from taxation transfers of insurance proceeds payable to a trustee and from such trustee to beneficiaries of the deed of trust; but such amendment was not enacted until after the death of the decedent Gemmell).

By changing the beneficiary entitled to receive the insurance moneys, substituting his wife in place of his estate, obviously he effectuated a transfer of property or "an interest in property,"—he transferred from his own estate, to his wife, the right to claim, receive and be entitled to the proceeds of the policies at his death. He made a transfer just as clearly and effectively as if he had executed an assignment to B of a promissory note made by X payable at decedent's death to decedent or his order.

That transfer was a gift to the wife,—no consideration was paid by her nor was there any valuable consideration received by the decedent therefor.

Obviously it was a transfer intended to take effect in possession or enjoyment at or after the transferor's death. Even if the change of beneficiary had been absolute, complete and

irrevocable at the time it was effectuated, it could not, in the very nature of the thing, take effect in *possession and enjoyment* by the donee-beneficiary until the transferor's death,— and it was, of course, so intended.

Under the facts of this case it was also, unquestionably, a transfer made in contemplation of death. Aside from the fact that every taking out of life insurance policy (except possibly an endowment policy) and every change of beneficiary, is necessarily from the nature of thing, done in contemplation of death, in the instant case it was done in actual contemplation of the actual expectancy of death in the near future. It was done six months prior to death; and the statutory presumption (in sub-section "third") applies if it be done within two years prior to death. It was done, in fact, while the decedent was, to his own knowledge, suffering from a fatal disease,—from which he subsequently died. This indeed is not disputed by the appellant.

The fact that the decedent, under the terms of the policy, still retained the right to change the beneficiary after the change to his wife, in nowise militates against the taxability of the transfer. That circumstance simply adds further evidence of the fact that the transfer was not complete (and not intended to be complete),—not intended to take effect in possession or enjoyment until after the transferor's death. Such is always the legal result where any transfer is made with reservation to the transferor of the power of revocation during his life. *In re Fosdick, 102 N. J. Eq. 45, 139 Atl. Rep. 318; Chase National Bank* v. *United States, 278 U. S. 327.*

It is contended by appellant that the right to receive the proceeds of these policies was never owned by the insured decedent, hence that the change of beneficiary was not a transfer from him, and is therefore not taxable. The statute however does not say that the transfer to be taxable must be of property or property rights owned by the transferor. True it is that by fair and reasonable inference *some such* implied provision doubtless should be read into the statute in construing its provisions. The object and purpose of the

statute as originally enacted was to tax transfers by will and by intestate succession; and the object and purpose of the subsequent amendments taxing transfers *inter vivos* in certain cases, was to tax such transfers as were made in the place and stead of transfers by will and intestate succession. It seems clear therefore that the legislature did not intend to tax any transfer made or effectuated by a decedent, during his lifetime or by will, which did not diminish the estate of the transferor. By the same token, however, there is no foundation for an argument that there should be read into the statute by implication, a provision excluding from taxation a transfer which *does* diminish the estate of the transferor which would otherwise pass by will or intestate succession at his death.

The appellant further contends that it was not the purpose of the legislature by the statute in question, to tax transfers made by insurance companies to beneficiaries named in insurance policies taken out and paid for by the insured decedent; that transfer of the proceeds of such insurance policies is made by the insurance company to the beneficiary pursuant to a contract between the insurance company and the insured; that such a transfer is not specifically made taxable by the language of the statute; and that the change of beneficiary from the insured's own estate to a specific third party beneficiary is in nowise different from the taking out of an original policy payable to such third party beneficiary.

It has never been decided in this state that the purchase, and subsequent performance, of an insurance policy payable at the death of the insured to a specific named beneficiary, without any reservation to the person insured (and who pays the premiums) of any right to change the beneficiary, does *not* constitute or involve a transfer taxable under the statute in question,—(although there are *dicta* to that effect in *Fagan* v. *Bugbee, supra, pp. 88, 89*). Neither has the converse been decided in this state. It is not necessary here to decide that question. In the instant case there *was* a reservation of complete power to change the beneficiary; and in view of that circumstance it would seem logical, under the

*Fosdick Case, supra,* and the *Chase National Bank Case, supra,* to hold that a taxable transfer would have been involved even if the wife had originally been named beneficiary at the time the policy was taken out. However, it is not necessary here to decide that question, either. The situation here is that of a policy under the original terms of which the right to receive the proceeds at death was "vested" in the estate of the insured himself, which right was transferred to the wife by the act of the insured (plus his subsequent death without revocation of the designation of the wife as beneficiary), and which transfer was made in contemplation of death and intended to be effective in possession or enjoyment only at or after the transferor's death.

There is no weight in the appellant's contention that the transfer here *sub judice* was by contract between the insured and the insurance company and as such is not made taxable by the statute. The statute taxes transfers "in trust or otherwise," made "by deed, grant, bargain, sale or gift." It has repeatedly been held that it is the substance, not the form, which controls. The transfer here, as has already been set forth, was a gift from the transferor to the transferee. The statute does not require that the gift be irrevocable in the first instance; neither does it require that there be an actual delivery or other direct contract or dealing between the donor and donee. None such occurs when the gift is made to a transferee in trust for the donee,—which have repeatedly been held taxable. The fact that the transfer is effectuated through the medium of a third party does not save it from taxability under the statute. It is the transfer to the ultimate beneficiary which is taxed. If a transfer made by means of a deed of trust to a third party is taxable, as has repeatedly been held, what logical basis is there for argument that a transfer made by contract or "bargain" with a third party is not taxable. The beneficiary is no more a party to the deed than to the contract.

It is true that in *Fagan* v. *Bugbee, supra,* there is a *dictum* to the effect that where a beneficiary takes under the terms of an insurance policy, the transfer is not taxable because it

is made by contract. That *dictum* seems to overlook the fact that a contract is a bargain and that the statute expressly includes transfers made by "bargain." In any event transfers by contract have repeatedly been held taxable by the decisions of the courts of this state, including the court of errors and appeals. See for instance, *In re Huggins, 96 N. J. Eq. 275, 125 Atl. Rep. 27; affirmed, sub nom. Fairleigh* v. *Bugbee, 3 N. J. Mis. R. 1072, 130 Atl. Rep. 923; affirmed, 103 N. J. Law 182, 134 Atl. Rep. 917*—where the contract was between transferor and beneficiary; *Plainfield Trust Co.* v. *McCutcheon, 8 N. J. Mis. R. 593, 151 Atl. Rep. 279; affirmed, 108 N. J. Law 201, 154 Atl. Rep. 629,*—where the contract was between transferor and a third party trustee. See also *In re Fosdick, supra,* expressly approved in *Plainfield Trust Co.* v. *McCutcheon, supra;* and *Chase National Bank* v. *United States, supra.*

It may also be noted that under the terms of the policies in question, the insured had the right to receive the proceeds of the policies himself, during his lifetime, if he became totally disabled,—and that he had in fact become totally disabled. There was a property right therefore not only in the insured's executor or administrator but in himself, personally; and these property rights were, by the change of beneficiary and the subsequent failure to exercise the reserved right of revocation, transferred to the wife. *Cf. Cohen* v. *Samuels, 245 U. S. 50.*

The tax will be affirmed.