CITY BANK FARMERS TRUST COMPANY et al., appellants,

*v.*

J. H. THAYER MARTIN, State Tax Commissioner, respondent.

In the matter of the estate of FREDERICK GEORGE LUEDERS, deceased.

[Decided June 24th, 1940.]

*Mr. Walter E. Cooper,* for the appellants.

*Mr. David T. Wilentz,* attorney-general, and *Mr. William A. Moore,* assistant attorney-general, for the respondent.

BUCHANAN, VICE-ORDINARY.

As set forth in the prior (unreported) conclusions filed herein,—it was determined on the original hearing that the tax under review should be affirmed,—that (1) the transfer *inter vivos* was taxable as having been made in contempla-

tion of death; (2) the assessment of that tax was properly made, under the statute, on the basis of the valuation of the property transferred as of the date of the transfer; (3) that the statutory provision to that effect was valid and constitutional; and (4) that there was no deduction to be made from the taxable value of said property by reason of any alleged consideration paid for the transfer.

The re-argument on the present rehearing is simply in respect of determination 2, above mentioned. Appellant contends that under the statute and decisions, the tax on the *inter vivos* transfer should have been,—and should be,—calculated on the valuation of the property as of the date of death of the transferor, instead of on the valuation as of the date of the transfer.

In the prior conclusions the determination that the valuation as of the date of the transfer was the correct valuation, under the statute, was rested on the reasons and determination in *Renwick* v. *Martin, 126 N. J. Eq. 564, 10 Atl. Rep. (2d) 293,* (which had not been decided at the time the present case was argued). It is contended by the appellants in the instant case that the determination in the *Renwick Case* is not controlling or dispositive of the present case; that the facts in the two cases are materially different; and that by reason of the facts in the present case, the valuation should be made as of the date of death, under the terms of the statute and the *dicta* in the *Renwick* opinion.

More specifically, they say, that whereas the statute provided in general (as determined in the *Renwick Case*), that the tax in respect to estates or interests in property passing by a (taxable) transfer (whether such transfer be *inter vivos* or testamentary or by intestate succession) is to be calculated on the valuation of the property as of the date of the transfer, so far as concerns estates or interests which are presently vested and those which are future and contingent, nevertheless there is a specific exception or provision in the statute, to the effect that where an instrument (testamentary or *inter vivos*) creates a power of appointment, in such case the appraisal and taxation of the interest in remainder which is the subject of the power of appointment, shall be made on

the basis of a valuation as of the date of the death of the transferor,—"the creator of the power" of appointment.

In this contention they are correct,—see the second sentence of section 3 of the statute of 1909 as amended up to 1933; and the opinion in the *Renwick Case, supra,* at *p. 596;* and respondent does not argue to the contrary.

Appellants further say that the deed of trust which comprised the transfer *inter vivos* in the instant case does "create a power of appointment," and that therefore, under the provisions of section 3 of the statute, it was error for the commissioner to utilize the valuation of the property as of the date of the transfer in assessing tax on the interests in remainder which were subject to disposition by the donee of that power; that the appraisal and taxation of such interests in remainder should have been "suspended until the exercise of the power of appointment" and are then to be taxed on the value of the property "as of the date of death of the creator of the power,"—the transferor.

One important question here presented is as to whether or not the deed of trust here *sub judice* does create a power of appointment, according to the true intent and meaning of the statutory provision referred to. This involves interpretation of the statute and of the deed of trust.

This deed of trust conveys the property (stocks and bonds of the value of some $400,000) to the trustee, in trust, to pay the income, in various shares to various persons for their respective lives, and thereafter to pay over the *corpus* or remainder in various shares to various persons and creates a series of successive equitable life estates to various persons, in various shares, with equitable remainders to various persons in various shares. The primary and principal beneficiary is the grantor's wife, who is to receive the whole income for her life. All of these dispositions of income and principal are expressly made subject to articles 2 and 3 of the instrument.

Article 2 gives to the wife the "right," at any time and from time to time during her life, "to amend this trust in any respect whatever and to terminate the same as to the whole or any part thereof, and in the event of any such termination

my said Trustees shall transfer * * * to my said wife such * * * of the principal" as to which the trust is terminated.

Article 3 gives to the wife the "power," during her life, "to direct the trustees to continue to hold the principal of the trust fund undivided after her death" for any period not exceeding 21 years after the death of the last survivor of herself and the children, and to pay the income during that period to such one or more of the grantor and the children as she directs; at the termination of such period the trust is to be disposed of in the same manner as if the wife had then just died.

Appellants argue that in actual fact and practical effect the right given to the wife, by article 2, "to amend this trust in any respect whatever," includes a power or powers of appointment; that under that right she has the power to substitute the name of any person whomsoever in the place and stead of any person named in the deed as a remainderman,—so that in fact the deed gives her the "power to appoint" the beneficiary of any and all remainders provided in the deed; hence that the deed "creates a power of appointment" within the language of the statute, and the taxation of such remainder must accordingly be on the valuation as of the date of Mr. Lueder's death, instead of the valuation utilized by the commissioner, to wit, the valuation as of the date of the transfer.

The premise of this argument is undoubtedly true; the right to "amend in any respect whatever" includes the right to substitute any remainderman. It does not however necessarily follow that the deed "creates a power of appointment" as contemplated by the statute.

However, for the reasons hereafter stated, it seems unnecessary to determine either this question or the question raised as to the constitutionality of that clause of the statute which provides for the appraisal of future contingent interests dependent on the exercise of a power of appointment on a different valuation from the appraisal of all other future contingent interests.

In the first place there is nothing in the record to show that any tax whatever has as yet been assessed,—on *any* valuation,

with respect to *any* of the interests created by the deed of trust, except the life estate to the wife. What the record shows is only that the commissioner assessed the tax on the interest conveyed to the wife under this deed of trust, as on a life estate in the trust property; and that he *suggested* a "compromise tax" as to the remainder interests,—not that he determined or assessed any tax on any of the interests other than on a life estate to the wife. The appellants admit, on this argument, that the commissioner properly used the valuation as of the date of the transfer as the basis for assessing the tax against the wife.

In the second place, as has been said, the tax assessed with respect to the transfer (*inter vivos*) to the wife, is on a life estate to her in the *corpus* of the trust fund, and no more. The deed of trust, however, as has been said, gave to the wife the right to terminate the trust at any time, and thereby to take to herself the entire ownership and possession, legal and equitable, of the entire trust fund.

From a practical standpoint, therefore, this deed of trust conveyed to the wife an interest in the trust fund substantially equal to the entire value of that trust fund. The value of an interest in a trust fund consisting of the right to take the entire fund at any time is obviously just as substantially the full value of the entire trust fund as is the value of a right reserved to the grantor of a trust fund to revoke the entire trust at any time. See *In re Fosdick, 102 N. J. Eq. 45,* at *48, 139 Atl. Rep. 318.*

The statute imposed a tax not merely on the transfer of the usual legal estates in property, but on the transfer of "any interest" in property (of the value of $500 or more). *P. L. 1909, c. 228,* section 1, first paragraph, (as existing in 1930 and 1933) ; see also section 26 of that statute. The transfer of this interest consisting of the right to acquire, without cost or expense, the entire fund, was taxable immediately under the statute. It "vested" immediately and was not subject to any condition or contingency. The commissioner however did not assess or levy tax in respect to the transfer of this interest. This was error.

Since the contingent or defeasible future interests, following the life estate to the wife, were all subject to the wife's right to take the whole fund, and the value of that right of the wife was substantially equal to the value of the whole fund, it would seem that the value of any or all of those subsequent contingent or defeasible future interests was so small and trivial as to be negligible, and that no tax would ever be attempted to be assessed or levied in respect thereto. At any rate no such tax has as yet been assessed or levied; and until it be, no determination in respect thereof is called for.

The determination arrived at on the original hearing is modified to the extent that the record will be remitted to the commissioner to re-assess and levy tax on the transfers to the wife,—including in the property transferred to her by the deed of trust, the right or interest of the wife to take the entire fund; and to utilize in making that assessment the valuation of the property as of the date of the transfer.

Whether or not the wife ever exercised that right is of course immaterial. That right was transferred to her, and tax is imposed on that transfer of that right.