CITY BANK FARMERS TRUST COMPANY AND FREDERICK
J. LUEDERS, AS EXECUTORS OF THE LAST WILL AND
TESTAMENT OF FREDERICK GEORGE LUEDERS, DE-
CEASED, PROSECUTORS, v. J. H. THAYER MARTIN,
STATE TAX COMMISSIONER, RESPONDENT.

Submitted May 6, 1941—Decided May 22, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutors, *Milton, McNulty & Augelli* (*John Milton, Thomas McNulty* and *Walter E. Cooper*).

For the respondent, *David T. Wilentz* and *William A. Moore.*

BODINE, J.   The writ was allowed to review an affirmance in the Prerogative Court of a transfer inheritance tax.

The transfer was made more than two years before the donor's death.   The proofs justify us, as they did the Vice-Ordinary, in holding that the transfer was made in contemplation of death.   The transfer was by way of the creation of a trust estate of most of the settlor's property for the benefit of his wife and children.   At the time he was 73 years of age. He had retired as president of his company and occupied the less active position of chairman of the board.   That he was not capable of carrying on is clearly indicated.   He was an emotional, feeble old man who became much disturbed at the thought of the loss of an associate.   His outward health may have seemed good for one of his age.   But since the property conveyed was practically his entire estate and the beneficiaries

were those to whom his estate would normally go, it seems that the purpose to evade the tax was clearly established.

The Vice-Ordinary imposed a tax upon the transfer as of the date made. This was error. Sometime after the transfer, decedent found that he would be obliged to endorse notes for his company if it were to survive. His wife was asked if she would revoke the trust and turn his estate back to him. This she was willing to do, but was advised to create a trust of her own estate for the benefit of the decedent and give him power to revoke. The result was substantially a return of his property save about $50,000. The securities were much of the same sort. Instead of handing back the securities he had given her, she took them from her box. The substance of the transaction was a return. Hence, only that not returned is taxable as a transfer in contemplation of death.

The tax should be imposed as of the date of the death on the value of the securities not returned, for the reason expressed in *Wimpfheimer* v. *Martin,* 126 *N. J. L.* 502.

We are in accord with the views of the Vice-Ordinary that the power of appointment given to the widow required the valuation of the entire estate passing by will as of the time of death.

The tax, in so far as it is inconsistent with this opinion, is set aside.