LASSER, P.J.T.C.
Taxpayer contests a New Jersey transfer inheritance tax (N.J.S.A. 54:3-1 et seq.) deficiency assessment of $12,280.62 imposed on decedent’s transfer to his spouse of that portion of his estate representing the residual portion of the marital trust. This matter is before the court on cross-motions for summary judgment. The facts are not in dispute.
Mr. Laffey died on March 20, 1982. His will created two trusts, a marital trust and a residual trust. Paragraph Fourth of Mr. Laffey’s will created the marital trust, which was to be funded in an amount equal to the maximum marital deduction allowable under federal estate tax law.[1] The marital trust provided that Mrs. Laffey was to receive the trust income. Subparagraph (B) contained a testamentary power of appointment under which Mrs. Laffey could designate the beneficiary of the corpus of the trust upon her death. Subparagraph (D) gave Mrs. Laffey the power to invade the corpus of the marital trust, as follows:
Anything in this article to the contrary notwithstanding the trustee shall pay to my said wife, out of the principal of the trust fund created by this article in any calendar year, including the year in which my death shall occur, such sum or sums as my said wife shall request in writing to the trustee without being required to give any reason therefor, and in addition thereto such sum or sums as my trustee may in his uncontrolled discretion determine to be necessary or advisable for the continued comfortable support and maintenance of my said wife or to meet any emergencies of illness or accident which may befall my said wife.
Mrs. Laffey died on April 11, 1984 without having exercised either the testamentary power of appointment or the power to invade the corpus of the marital trust.
The transfer inheritance tax return reported Mrs. Laffey’s life estate in the marital trust as subject to direct tax, but did not report the residuary portion of the marital trust as taxable at that time because it was subject to a power of - appointment.
*103 The New Jersey Transfer Inheritance Tax Bureau assessed a direct tax on the transfer of the entire marital trust (the life estate income and the residuary corpus), resulting in an additional assessment of $12,280.62. The Bureau determined that Mrs. Laffey’s power to invade corpus was tantamount to a transfer to her of the income and corpus of the marital trust.
Taxpayer contends that only the value of Mrs. Laffey’s life estate in the marital trust is subject to direct tax and urges that the remainder of the marital trust is wholly contingent. Taxpayer argues that the power granted to Mrs. Laffey to invade the corpus of the marital trust during her life and the power to appoint the beneficiaries of the corpus upon her death together constitute a general power of appointment. Taxpayer argues, therefore, that imposition of the tax must be deferred until the power of appointment is exercised or expires, because only then can the residuary beneficiaries be determined.
The Director contends that Mrs. Laffey’s unrestricted right to use the corpus of the marital trust in whatever manner she desired amounts to ownership, and thus the transfer to her on her husband’s death constitutes a transfer of corpus subject to direct tax.
The issue in this case is not the taxability or nontaxability of the marital trust but rather at what stage the tax is to be imposed. If the power to invade corpus is a present interest, the transfer of this interest is taxable to Mrs. Laffey upon the death of her husband. If the power is a future or contingent interest it is taxable to the remaindermen who actually receive the corpus, and in this latter event, the tax is imposed as if the transfer were made from Mr. Laffey to the remaindermen.
The New Jersey transfer inheritance tax is a privilege tax on the right of succession to property, or to any interest in or income from property, in trust or otherwise, transferred by a decedent. The shifting of economic benefits and burdens of property interests, triggered by the death of a decedent, is the taxing event. The tax is levied on the transferee, and the amount of tax to be paid depends on the value of the distribu *104 tive share received by the transferee and the transferee’s relationship to the decedent. N.J.S.A. 54:34-1; In re Estate of Lichtenstein, 52 N.J. 553, 559-560, 247 A.2d 320 (1968).
“Property” is defined as “the interest of the testator [or] grantor ... passing or transferred to the individual or specific legatee, devisee, ... grantee, donee ..., not exempt from [the Act]____” N.J.S.A. 54:33-1. “Transfer” is defined as including “the passing of property, or any interest therein, in possession or enjoyment, present or future, by distribution ... devise, bequest ... or gift.” Ibid.
Decedent gave Mrs. Laffey the right to all of the income of the marital trust, and in addition, gave her the right to request and use at any time before her death any portion of the corpus of the marital trust for any purpose whatsoever. This permitted her to completely terminate the trust if she so chose, thus giving Mrs. Laffey complete control over and enjoyment of the trust corpus as if it had been given to her outright. The right to the corpus of the trust was conferred on her in subparagraph (D), entirely separate from and independent of the testamentary power of appointment conferred on her in subparagraph (B).
In City Bank Farmers Trust Co. v. Martin, 127 N.J.Eq. 492, 13 A.2d 852 (Prerog.1940), mod. 126 N.J.L. 506, 20 A.2d 56 (Sup.Ct.1941), Frederick Lueders created an inter vivos trust, granting to his wife a life estate with a power of appointment over the remainder. The trust also provided his wife with the absolute right to terminate the trust at any time, in which event the assets of the trust would become her own property. Mr. Lueders died shortly thereafter, and the transfer of assets to the trust was held to be taxable as a transfer made in contemplation of death. Taxpayer argued that the trust contained a power of appointment and that, therefore, a transfer inheritance tax was incorrectly assessed against the transfer of the trust remainder and the appraisal and taxation of the remainder *105 interest should have been suspended until the exercise of the power of appointment.
The court said:
From a practical standpoint, therefore, this deed of trust conveyed to the wife an interest in the trust fund substantially equal to the entire value of that trust fund. The value of an interest in a trust fund consisting of the right to take the entire fund at any time is obviously just as substantially the full value of the entire trust fund as is the value of a right reserved to the grantor of a trust fund to revoke the entire trust at any time. See In re Fosdick, 102 N.J.Eq. [(1 Backes) ] 45, at 48 [139 A. 318 (Prerog.Ct.1927) ]. [127 N.J.Eq. at 496, 13 A.2d 852]
The prerogative court remitted the case to the state tax commissioner to reassess and levy a tax on the transfer to the wife, including her right or interest in the entire trust. On appeal, the then New Jersey Supreme Court modified the decision of the prerogative court, finding that a portion of the trust estate must be excluded because it had been returned to the grantor, but this modification did not alter the prerogative court’s holding with respect to the taxable effect of the power to invade corpus.
The case of Pennsylvania Co. v. Kelly, 134 N.J.Eq. 120, 34 A.2d 538 (Prerog.Ct.1943), involved an inter vivos trust created by the decedent, which reserved to the decedent the power to dispose of the trust property by will for the benefit of her own estate, her creditors or others. In that case, Judge Jayne discussed general and limited powers of appointment, and concluded that the decedent had a general power of appointment because she had reserved the power to govern future transmission of the corpus by her will. The court stated:
True, a general power of appointment does not have the elements of a title, estate or ownership in the property as understood in the technically restricted acceptation of those terms (citation omitted). But, considering it as an unrestricted power to transfer the property, there inheres in it a measure of control proprietary in nature and normally incident to ownership. Thus, in the field of transfer inheritance taxation it is deemed the equivalent of ownership, [at 133, 34 A.2d 538]
The court upheld the transfer inheritance tax assessment on the transfer effected by decedent’s will.
Although the facts of the City Bank and Kelly cases differ somewhat from the facts of the subject case, the principal *106 difference is that the City Bank and Kelly trusts were created inter vivos, not by the decedent’s will. However, the holding of these cases is applicable to the subject case. They hold that the power to invade corpus, whether granted by the decedent to his wife as in City Bank or reserved by the grantor to herself as in Kelly, constitutes sufficient ownership and control of the corpus to subject its transfer to taxation upon the death of the creator of the trust.
Counsel for the Director informs the court that the Director has consistently followed the City Bank case and imposes a direct tax on both the life estate and the residuary estate where the devisee has been granted an unrestricted power to invade the corpus. Neither counsel nor the court has discovered any New Jersey decision or statutory enactment since City Bank and Kelly which addresses this issue.
Recently, the courts of Indiana had occasion to consider a similar issue under their inheritance tax. In Indiana Revenue Dept. v. Hungate Estate, 439 N.E.2d 1148 (Ind.Sup.Ct.1982), the Indiana Supreme Court affirmed the decision of the Indiana Court of Appeals that a complete and unconditional power to invade the corpus of a trust constituted equitable ownership of the corpus and thus made the corpus a part of the estate of the wife having such power. The result of this decision was that a further transfer from the wife upon her death was taxable because the trust was an asset of her estate. The court stated:
The person who takes an interest on the exercise of a power of appointment takes it, as a general rule, under the donor of the power and not under the donee (citation omitted). This common law principle is premised upon the fact that the exercise of a power of appointment is effectuated by the instrument creating the power, such that the appointee derives his title through the donor, not the donee. Usually the donee possesses merely a power to appoint property for another and the property can pass only from the donor to the appointee____ However, when the donee of a power of appointment possesses more than the testamentary power to appoint, and, in fact, possesses an equitable lifetime ownership interest in the property by virtue of her power to invade the corpus and to appoint the property to herself, then the property, in substance, does belong to the donee and the general common law principle does not apply. [at 1152]
I conclude that decedent’s grant of the power to invade the corpus of a testamentary trust confers sufficient ownership and *107 control on the devisee to subject transfer of both the life estate and the residuary to tax under the New Jersey Transfer Inheritance Tax Act.[2]
Taxpayer contends that decedent’s grant of the power to invade corpus is a general power of appointment. Taxpayer relies on N.J.A.C. 18:26-5.12, which defines a general power of appointment for New Jersey inheritance tax purposes as “a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate____”[3] Taxpayer contends that since the power to invade corpus is a power of appointment, N.J.S.A. 54:36-4 bars the imposition of a direct tax on the residuary portion of the marital trust. Taxpayer argues that this statute, enacted in 1909, provides for an optional tax on the residuary portion, either deferring the tax until the power of appointment is exercised or providing for a compromise tax pursuant to N.J.S.A. 54:36-6. N.J.S.A. 54:36-4 provides:
When an instrument creates a power of appointment, the life estate, or estate for a term of years, created and transferred by such instrument shall, if taxable, be immediately appraised and taxed at its clear market value, but the appraisal and taxation of the interest or interests in remainder to be disposed of by the donee of the power shall be suspended until the exercise of the power of appointment. Such interest or interests in remainder shall then be taxed, if taxable, at the clear market value of such property, which value shall be determined as of the date of the death of the creator of the power.
*108 N.J.S.A. 54:36-4 is contained in Chapter 36 of the New Jersey Transfer Inheritance Tax Act, which is entitled “Assessment, Collection and Enforcement of Taxes on Estates Subject to Future Interests.” The clear intent of the Legislature in Chapter 36 is to provide for a deferral of the calculation and imposition of a tax on contingent or future interests until the interest vests. This procedure is required because the scheme of the transfer inheritance tax is to tax transferees at different tax rates based on the degree of consanguinity. The amount of the tax is thus dependent upon the degree of relationship of the ultimate transferee to the decedent once the contingency is removed.
Chapter 36 deals only with contingent interests. The interest granted to Mrs. Laffey was not contingent. Her control of the corpus of the marital trust was absolute and not dependent upon the act or action of any other person or event.[4]
I conclude that the Legislature did not intend Chapter 36 to apply to a non-contingent interest, even though such interest may fall within the definition of power of appointment. This conclusion is consistent with federal estate tax treatment, which distinguishes between general and limited powers of appointment, holding that the existence of a general power of appointment is sufficient to subject corpus to tax.
I conclude that the unrestricted power to invade corpus subjects the corpus of the marital trust to taxation under the New Jersey transfer inheritance tax. The provisions of N.J. S.A. 54:36-4, which except interests subject to a power of appointment from direct tax at the time of decedent’s death, are not applicable to the subject power.
*109 Taxpayer’s motion for summary judgment is denied, and the Director’s motion for summary judgment is granted. The Clerk of the Tax Court is directed to enter judgment in favor of the Director.

 Decedent’s will was drafted prior to the enactment of the Economic Recovery Tax Act of 1981.

 Mr. Laffey’s estate did not pay a federal estate tax on the corpus of the marital trust because the power to invade which was granted to Mrs. Laffey constituted sufficient ownership of the corpus under federal estate tax law to subject it to federal estate tax in her estate, thus qualifying the corpus for the federal marital deduction. I.R.C. § 2041(b). The New Jersey Transfer Inheritance Tax Act subjects property transferred to Mrs. Laffey to taxation because there is no New Jersey marital deduction comparable to the federal. Therefore, the powers, that were granted to Mrs. Laffey in order to qualify the marital trust for a federal estate tax marital deduction, cause the transferred property to be subject to tax by New Jersey.

 This regulation is almost identical in wording to Treasury Regulation § 20.2041-(c)(l), which defines power of appointment for federal estate tax purposes.

 The Restatement, Property states, with respect to powers of appointment: “The general power presently exercisable is the practical equivalent of ownership, since it gives to the donee the power to acquire ownership at any time by appointment to himself.” Restatement, Property, c. 25 at 1813 (1940). At common law there existed a distinction between ownership and power. However, for federal estate tax purposes the donee of a general power of appointment is regarded as the owner of the appointed assets, whether or not the power is exercised. Restatement, Property 2d, § 13.2 (Tent.Draft No. 5, 1982).