KUSKIN, J.T.C.
In this matter, plaintiffs appeal an assessment of New Jersey transfer inheritance tax imposed by defendant Director of the New Jersey Division of Taxation (the “Director”). Plaintiffs’ principal contention is that a trust (the “Trust”) established under the Will of decedent, Catherine Franko (“Mrs. Franko”) created a life estate for the benefit of her surviving husband, Charles R. Franko (“Mr. Franko”). Plaintiffs further contend that, because a bequest to a spouse is not taxable under N.J.S.A. 54:36-2 (setting forth transfer inheritance tax rates), the value of Mr. Franko’s interest in the Trust should be deducted in determining the taxable value of Mrs. Franko’s estate (the “Estate”).
All taxes assessed were paid, and plaintiffs seek the following refunds: 1) a refund of taxes and interest paid with respect to the life estate, 2) a refund of taxes and interest paid, but not yet due, with respect to a portion of the remainder of the Estate, and 3) a refund of excess interest paid because the Director assessed taxes on the balance of the remainder using a due date earlier than the due date established by statute. The Director does not dispute plaintiffs’ contentions as to the due dates for tax payments, and consequently does not dispute refund claims (2) and (3).
The Director has moved for summary judgment disallowing the deduction of the value of Mr. Franko’s interest in the Trust on the basis that the interest was a contingent interest and not a life estate. For the reasons set forth below, I grant the motion. However, because the inheritance taxes payable by the Estate were due on dates later than the date used by the Director in his calculations, I award a refund of a portion of the taxes and interest paid.
The facts are not in dispute. Mrs. Franko died testate on July 27, 2002. Her will (the “Will”) provided for payment of her debts and funeral expenses, distribution of certain items of personal property, and a specific bequest of $1,000, and then bequeathed her residuary estate “to my Trustee[s] hereinafter named, for the benefit of my husband, Charles R. Franko, if he shall survive me, for the purposes specified in Paragraph Fifth below, during the *3 term of his natural life.... ” Paragraph Fifth set forth the powers of the trustees, and provided in pertinent part as follows:
(A) My Trustees shall use and spend so much of the income and principal of this Trust for the maintenance and support of Charles R. Franko, which my Trustees shall, in their complete and absolute discretion deem to be appropriate. Any income not expended in any calendar year shall be deemed to be principal.
(B) No interest in this Trust shall vest in Charles R. Franko until actually delivered to him by my Trustees.
Subparagraph (D) of Paragraph Fifth appointed Mrs. Franko’s attorney and her niece (both plaintiffs in this matter) as trustees. Subparagraph (F) provided that, upon Mr. Franko’s death, the remaining principal and interest in the Trust was to pass pursuant to Paragraph Sixth of the Will.
Paragraph Sixth directed that the assets remaining in the Trust on the date of Mr. Franko’s death were to be divided among several beneficiaries. Two nieces and one grand-nephew of Mrs. Franko each received a 10% interest, and a third niece received a 25% interest. The other 45% was placed in trust for the benefit of Mrs. Franko’s brother. Paragraph Seventh of the Will set forth the terms of this trust, which were virtually identical to those contained in Paragraph Fifth governing the trust for Mr. Franko’s benefit. Thus, under Subparagraph (A) of Paragraph Seventh, the trustees were instructed to “use and spend so much of the income and principal of this Trust for the maintenance and support of [my brother], which my Trustees shall, in their complete and absolute discretion deem to be appropriate.” Under Subparagraph (B), no interest in the trust vested in Mrs. Franko’s brother “until actually delivered to him by my Trustees.”
The transfer inheritance tax return as initially filed by the Estate was dated March 26, 2003 and took the position that the Trust for Mr. Franko’s benefit constituted a bequest to him of the entire residuary estate. Because he was a Class A beneficiary, the return reported no tax as due and owing with respect to that bequest. See N.J.S.A. 54:34-2(a)(1) (providing that no inheritance tax is payable on transfers to a husband or wife made after December 31, 1984). Mr. Franko died on August 10, 2003, having received no distributions of income or principal from the Trust. *4 On December 18, 2003, the Director assessed additional inheritance tax and interest of $135,642.34 against the Estate, based upon the distribution of the remainder of the Estate to Mrs. Franko’s brother, grand-nephew, and three nieces. The Estate paid this amount in full, and, on or about January 5, 2005, filed an application for refund. The application abandoned the position contained in the Estate’s transfer inheritance tax return and asserted that the Trust created a life estate for Mr. Franko’s benefit, the value of which, determined by reference to the table designated by N.J.S.A. 54:36-2 for use in calculating the value of life estates, was $361,009. Subtraction of this amount from the value of the Estate remainder interests resulted in a transfer inheritance tax liability, with interest, of $56,874, and a refund claim in the sum of $83,914.35 (based on total tax payments of $140,788.35), plus interest. The Director denied the claim, and this appeal followed.
The procedure for valuing a life estate for transfer inheritance tax purposes is set forth in N.J.S.A. 54:36-1. Under this statute, when a bequest includes
any property or interest therein, or income therefrom, to a person ... for life or for a term of years, and a vested interest in the remainder or corpus of such property to a person ..., the whole of the property so transferred shall be appraised immediately at its clear market value.
The statute then provides that the value of the life estate is to be determined pursuant to the table specified in N.J.S.A 54:36-2, and that value subtracted from the total value of the estate assets to determine the value of the remainder interests. The taxes on the life estate and the remainder interests are immediately due and payable. See N.J.S.A. 54:36-1.
The treatment of contingent estates is governed by N.J.S.A. 54:36-3 which provides as follows:
[TJhe property which is the subject of such [contingent or defeasible] devise or in which such contingent or defeasible interest is created shall be appraised immediately at its clear market value. The life estate or estate for a term of years shall be valued in accordance with section 54:36-2 of this title, and if taxable, the tax shall be assessed and levied thereon immediately and shall be immediately due and payable. Thereupon, the value of the estate for life or term of years shall be deducted from the appraised value of the property which is the subject of such devise or limitation and the tax on such balance of the estate shall not be levied or *5 assessed until the person ... entitled thereto comes into the beneficial enjoyment, seizin or possession thereof, at which time, if taxable under the provisions of chapters 33 to 36 of this title (§ 54:33-1 et seq.), it shall be taxed.
[N.J.S.A. 54:36-3.1
Taxes with respect to a contingent or defeasible interest are due and payable two months after the person entitled to the property receives possession. N.J.S.A. 54:36-5.
None of the statutes discussed above defines a life estate or a contingent interest, and Regulations promulgated by the Director are without any definitional provisions that would assist in resolving the issue before me. See N.J.A.C. 18:26-8.21, -8.22, -8.23. Black’s Law Dictionary defines a life estate as “[a] legal arrangement whereby the beneficiary (i.e., the life tenant) is entitled to the income from the property for his or her life,” Black’s Law Dictionary 833 (5th ed. 1979), and defines the term “contingent,” as applied to a bequest, as implying “that no present interest exists, and that whether such interest or right will ever exist depends on a future uncertain event.” Id. at 290. Judge Clapp has defined a contingent interest as follows:
If the person who is given a future interest is (a) in being and (b) ascertained and (e) the gift is not made contingent upon an uncertain future event, the interest is vested in the beneficiary, whether it be of realty or personalty; failing any of these three circumstances, the interest is contingent. In the absence of a contrary intention any such contingency constitutes a condition precedent to the gift. [6 New Jersey Practice (Clapp, Wills and Administration) is 572 (3d ed., rev. 1984).]
In Estate of Laffey v. Director, New Jersey Division of Taxation, 8 N.J. Tax 100 (Tax 1986), the court distinguished a life estate from a contingent interest on the basis of the right of the beneficiary to receive, or control the receipt of, income or principal. In that case, the trust established under the decedent’s will permitted his wife to request and obtain funds from the principal of the trust for any reason whatsoever. The court held as follows:
The clear intent of the Legislature in Chapter 36 [(N.J.S.A. 54:36-1, et seq.)[ is to provide for a deferral of the calculation and imposition of a tax on contingent or future interests until the interest vests.... The interest granted to Mrs. Laffey was not contingent. Her control of the corpus of the marital trust was absolute and not dependent upon the act or action of any other person or event.
[Id. at 108.]
The concept that the right to control trust assets or the right to receive trust income is an essential characteristic of a life estate *6 also appears in Harrison’s Ex’r v. Stockton’s Ex’r 19 N.J.Eq. 235 (Ch. 1868). There, in distinguishing between a life estate and a vested absolute estate, the court commented as follows:
It has long been settled that personal property, both money and chattels, may be bequeathed for life, or any other estate less than the absolute property, and a limitation over after such estate is valid. In case a life estate, or other less estate is given in chattels, the donee of the particular interest is entitled to the possession and use of the goods, but if such estate is given in money, productive investments, or funds, the donee is entitled to the interest or income only, and the principal is retained by the trustees or executors.
[Id. at 243.]
In the matter before me, even the table upon which plaintiffs relied in calculating the value of Mr. Franko’s alleged life estate indicated that his interest was not a life estate. The table contains the following explanatory provisions before setting forth the factors to be used in valuing life estates:
The following tables show the present value of an income for the ages staled.
To find the value of a life estate where the amount is specified, the yearly amount is multiplied by the factor in annuity column opposite the age of the annuitant. (See A)
Where the income is payable on the corpus of a trust, the amount of the corpus is multiplied by the factor in the annuity column opposite the age of the life tenant. (See B)
[David Beck & Alan E. Sherman, New Jersey Inheritance and Estate Taxes, 530 app. E (2005).]
Under the quoted language the value of a life estate can be calculated only if the beneficiary is entitled to receive either a specific amount of income, for example, a specified dollar amount per month or per year, or is entitled to receive whatever income is generated by the trust. Mr. Franko had no right to receive any income under the terms of the trust created by Mrs. Franko. His interest therefore was not susceptible to valuation at the time of Mrs. Franko’s death.
The interest bequeathed to Mr. Franko was subject to “an uncertain future event,” that is, whether the trustees would exercise their discretion to distribute trust income or principal to him. This discretion was “complete and absolute,” not only under the express language of the Will, but also under applicable principles of law. “Where by the terms of the trust a beneficiary is entitled only to so much of the income or principal as the trustee in his *7 uncontrolled discretion shall see fit to give him, he cannot compel the trustee to pay to him or to apply for his use any part of the trust property.” The Law of Trusts § 155 (4th ed. 2001). See also Restatement (Third) of Trusts § 50 (2003) (stating that “[a] discretionary power conferred upon the trustee to determine the benefits of a trust beneficiary is subject to judicial control only to prevent misinterpretation or abuse of the discretion by the trustee”).
Based on the preceding discussion, I conclude that the Trust for Mr. Franko’s benefit constituted a contingent interest and not a life estate. This interest could not be valued, and only distributions actually made could be used to reduce the taxable value of Mrs. Franko’s residuary estate. The trustees of the Trust made no distributions, and, as a result, the taxable value of the residuary estate was not subject to any reduction relating to the Trust.
As provided in N.J.S.A. 54:36-5, transfer inheritance tax on a contingent interest is due within two months after the contingency has been satisfied. The contingent interests created by Mrs. Franko’s Will (the Trust for Mr. Franko and the remainder interests) could not be valued for transfer inheritance tax purposes until Mr. Franko died. At that time, as described above, 55% of the Estate’s residuary assets were vested in Mrs. Franko’s grand-nephew and three nieces. The remaining 45% was placed in trust for Mrs. Franko’s brother and governed by Will provisions virtually identical to those applicable to Mr. Franko. Consequently, Mrs. Franko’s brother received a contingent interest.
As of the date of Mr. Franko’s death, inheritance tax could be imposed with respect to the 55% of the trust principal distributed directly to remainder beneficiaries. See N.J.S.A. 54:36-3. That tax was due two months after Mr. Franko’s date of death. See N.J.S.A. 54:36-5. In the absence of distributions of income or principal, the trust for the benefit of Mrs. Franko’s brother could not be valued until his date of the death when, pursuant to Paragraph Seventh (F) of the Will, the remaining trust principal will be distributed to Mrs. Franko’s three nieces and grandnephew. See N.J.S.A. 54:36-3. The tax payable will be due two *8 months after the brother’s date of death. See N.J.S.A. 54:36-5. If the trustees distribute income or principal to Mrs. Franko’s brother, those distributions would be subject to transfer inheritance tax. The Director asserts that each distribution would be taxable when made. I need not decide whether the Director’s position is correct.
Summary judgment will be entered in favor of the Director and against plaintiff on the basis that the portion of the Estate placed in trust for Mr. Franko’s benefit constituted a contingent interest and not a life estate. Therefore, no deduction for the value of this interest was proper in calculating inheritance taxes due with respect to the residuary estate. The taxes due with respect to 55% of the residuary estate shall be calculated as of Mr. Franko’s date of death, with a due date two months thereafter, and the Director shall refund any interest paid on taxes relating to this portion of the Estate allocable to the period preceding the date two months after Mr. Franko’s date of death. See N.J.S.A. 54:35-10. Taxes due with respect to the 45% remainder interest in trust for Mrs. Franko’s brother cannot be determined until his date of death, and the Director shall refund any taxes and interest paid with respect to that portion of the residuary estate. Ibid. Pursuant to N.J.S.A. 54:49-15.1, interest shall be paid on all amounts refunded.
Counsel for the Director shall submit a form of Judgment containing the appropriate calculations. If plaintiffs dispute the calculations, I will resolve the dispute pursuant to R. 8:9-4.